James BURGE d/b/a JAMES BURGE
PHOTOGRAPHY *v.* PULASKI COUNTY
SPECIAL SCHOOL DISTRICT et al

80-250                                   612 S.W. 2d 108

Supreme Court of Arkansas
Opinion delivered March 2, 1981

*Napper, Wood, Hardin, Grace, Downing & Allen, P.A.*,
for appellant.

*Henry J. Osterloh*, for appellee.

GEORGE ROSE SMITH, Justice. Our Unfair Practices Act, modeled after the federal Robinson-Patman Act, prohibits anyone engaged in the production, distribution, or sale of any commodity or service from paying secret rebates, commissions, or unearned discounts to some purchasers on terms not extended to all purchasers, where such payments tend to destroy competition. Ark. Stat. Ann. §§ 70-301 and -307 (Repl. 1979). The appellant, Burge Photography, brought this action for an injunction and triple damages, alleging that the two defendants, Pulaski County Special School District and Phillip's Photography, had engaged in specified practices that violated the Act.

The School District filed a motion to dismiss, on the ground that the complaint did not state a cause of action against it. The trial court apparently treated the motion as one for summary judgment under Civil Procedure Rule 12 (c), because depositions and opposing briefs were considered by the court in passing upon the motion, and we also so treat it. This appeal from the order dismissing the action against the School District presents an issue of statutory construction under Rule 29 (1) (c).

For some years before 1979 the principal of one of the District's schools, Sylvan Hills High School, had been taking what amounted to informal bids from photographers for the exclusive privilege of taking the senior class's annual pictures. There was no fixed procedure, but photographers knew by word of mouth when the school would be making its yearly contract and were in the practice of submitting proposals at the proper time. In at least one of those prior years the plaintiff Burge obtained the contract in return for a payment of $2,000 to the school.

In 1979 there were four competitors for the contract. Phillip's Photography submitted a detailed proposal fixing certain prices to be paid by the members of the class for individual pictures selected from a number of proofs. The proposal also required Phillip's to pay a "commission" to the school of either $2,500 or 15% of the gross sales to

students, whichever was greater. Burge submitted a somewhat different proposal by which he would take the pictures and sell them to the school at a discount, with the school reselling them to the students at specified prices. If every student bought the most expensive package, the school's profit on the Burge contract would be $2,512.50. We need not discuss the other two bids, which were individual proposals also contemplating some profit to the school. Through the years the school used the annual profit for school purposes, such as contributing it to the cost of the school yearbook.

In 1979 the school accepted the proposal submitted by Phillip's, on the ground that it was the most profitable, and so informed Burge. Burge then brought this action under the Unfair Practices Act. We agree with the trial court's finding that, for two reasons, Burge has failed to show any violation of the Act by the School District.

First, the Act provides a remedy only in favor of one seller against another seller, not in favor of a seller against a buyer or vice versa. In *Beam Bros. Contractors* v. *Monsanto Co.*, 259 Ark. 253, 532 S.W. 2d 175 (1976), we held that the Act fosters competition for the primary benefit of the public by protecting dealers, especially small dealers, from unfair competition by large dealers. That is not the situation before us. Burge was a seller of photographs. The School District was either a buyer or an agent of the student (or parent) buyers. Hence the Act does not create a cause of action in Burge against the District.

Second, the Act prohibits only the *secret* payment of what are commonly referred to as "kickbacks." Here there was no secrecy as between the parties governed by the Act. The competition among rival photographers for the annual contract was completely open. Burge not only knew all the facts, but also had won the contract himself in a prior year and submitted a proposal in 1979. The principal testified that the payment of the commission was known to the assistant principals, the bookkeeper, the annual sponsor, and the entire annual staff. He said he had never felt any need to inform the students (or their parents) of the commission, but the contract was a matter of public record

for anyone to examine. We are not called to say, and do not say, whether it was proper for the Sylvan Hills school to make a profit not affirmatively disclosed to the parents who presumably paid for their children's pictures at the prices fixed by the photographer. We merely hold that no violation of the Unfair Practices Act on the part of the School District has been shown.

Affirmed.

PURTLE, J., not participating.